

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

MARVIN A. JACKSON

CRIMINAL COMPLAINT

**09-0938 PWG**

CASE NUMBER: _____

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>March 20, 2009</u>, in the District of Maryland and elsewhere, the defendant(s), (Track Statutory Language Offense)

Marvin A. Jackson, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a .9 millimeter Intratec semi-automatic handgun, and a .357 caliber Smith and Wesson revolver, in and affecting commerce.

in violation of Title <u>18</u> United States Code, Section(s) <u>922(g)(1)</u>. I further state that I am a <u>Task for the Drug Enforcement Administration,</u> and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☑ Yes   ☐ No

_William Bearde_, Task Force Officer
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

3/20/09 1:53 /pms    at    Baltimore, Maryland
Date and Time Issued

Paul W. Grimm
United States Magistrate Judge

## AFFIDAVIT

This affidavit is submitted in support of a criminal complaint charging Marvin A. Jackson (Jackson) with unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §992(g)(1).

Your affiant, Task Force Officer William Bearde (Bearde) has been a duly sworn member of the Baltimore Police Department since 2002. Your affiant is currently assigned to a Baltimore-area DEA task force. As such, your affiant is a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18.

During your affiant's tenure as a law enforcement agent, he has effected or participated in the arrest of over five-hundred (500) individuals for criminal narcotics violations. Your affiant has participated in the execution of over 250 search warrants that have targeted violations and violators of Maryland's and the United States' criminal controlled substance laws. The execution of those warrants has resulted in the seizure of a variety of controlled dangerous substances and related paraphernalia to include : crack cocaine, powder cocaine, liquid cocaine, heroin, marijuana, PCP, MDMA, other controlled substances, narcotics paraphernalia, documents, U.S. currency, firearms and other weapons related to drug trafficking. Your affiant is also thereby familiar with both packaging and distribution methods utilized by drug traffickers. Your affiant has attended and successfully completed over 200 hours of specialized training in the field of narcotics law enforcement. As a result of that training and experience your affiant is very familiar with the role firearms play in narcotics trafficking, as your affiant has participated in the seizure of over fifty (50) firearms used/possessed in relation to narcotics trafficking. Your affiant has testified as an expert in the area of narcotics law enforcement in Maryland's District and Circuit Courts, Maryland's Juvenile Court and the United States District Court for Maryland.

What is related below concerns the arrest of Jackson and the law enforcement actions

surrounding that arrest. It is based upon your affiant's observations, and upon his discussions with other detectives who have first-hand knowledge of the facts described below. It does not include every detail known to your affiant about the described investigation.

On March 19, 2009, your affiant made application for a search and seizure warrant that targeted suspected narcotics violations occurring at a residence located at 1018 Reverdy Road in Baltimore, Maryland. That same day a judge of Maryland's District Court signed a warrant authorizing the search of that residence. On March 20, 2009, that warrant was executed by myself and other law enforcement officers/agents.

Prior to entry into that location by law enforcement agents, Jackson was stopped by police after he was observed to leave and then drive away from that residence. Jackson was then apprised of his rights per *Miranda v. Arizona*, and he indicated a comprehension of those rights. Once detained, a ring containing a key to the targeted residence was found on Jackson's person.

Law enforcement agents then entered the targeted residence, and once inside began their search pursuant to the warrant. In searching that residence two (2) loaded firearms were recovered, to wit a) a 9 millimeter Intratec semi-automatic handgun loaded with 27 rounds of ammunition, and b) a .357 caliber Smith and Wesson revolver loaded with 5 rounds of ammunition. The Intratec handgun was found in the basement of the target residence, secreted in the ceiling. The Smith and Wesson revolver was in an upstairs bedroom closet; a bedroom that Jackson described as his own. Prior to the recovery of the firearms, Jackson had particularly described where law enforcement would find those weapons, and later in a taped statement admitted that the firearms were his.

Also recovered in the execution of that search warrant were a) approximately $80,000 U.S. currency, b) various paraphernalia of a type commonly used to facilitate narcotics distribution, c) a money counter, and d) less than a pound of a green leafy substance your affiant recognized as marijuana, a controlled dangerous substance.

Your affiant knows based on his training and experience that those seized items are consistent with items used by narcotics traffickers as a concomitant to their illegal activities. Your affiant further knows that the seized firearms were not manufactured in Maryland and therefore effected interstate commerce.

Your affiant has done a computer criminal background check on Jackson and thereby learned that Jackson has at least one prior criminal conviction, the punishment for which is in excess of one year's incarceration, and that he is thereby not qualified to lawfully possess any firearm.

Based on the foregoing, your affiant believes that Marvin A. Jackson did unlawfully possess a firearm having been previously convicted of crime punishable by more than one year's incarceration in violation of 18 U.S.C. §922(g)(1).

Your affiant, William Bearde, affirms under penalties of perjury that the facts and circumstances recounted in the foregoing affidavit are true and accurate to the best of his knowledge and belief.

3/20/09
Date

William Bearde, Task Force Officer
Drug Enforcement Administration

Signed to and sworn before me this 3/20/09 day of March, 2009

Paul W. Grimm
United States Magistrate Judge for the District of Maryland